**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AUSTIN MCGREGOR, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01192-BP** |
| | § | |
| **FORT POINT CAPITAL, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## OPINION AND ORDER

Before the Court are the Motion to Dismiss and Appendix in Support that Defendant Fort Point Capital, LLC ("Fort Point") filed on May 14, 2026 (ECF Nos. 24-25), as well as the Brief in Support that Fort Point filed on June 5, 2026 (ECF No. 26). Plaintiff Austin McGregor, LLC ("McGregor") did not file a response or any other filing relating to or objecting to Fort Point's Motion. In its Brief, Fort Point asks the Court to dismiss McGregor's Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 26. After reviewing the pleadings and the applicable legal authorities, the Court **GRANTS** Fort Point's Motion and **DISMISSES** McGregor's Amended Complaint **without prejudice**.

Federal Rule of Civil Procedure 41(b) permits "a defendant [to] move to dismiss the action or any claim against it" if the "plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). In this case, it is clear McGregor has abandoned any intention to prosecute. The Local Civil Rules of the Northern District of Texas require a "response and brief to an opposed motion [to] be filed within 21 days from the date the motion is filed." L.C.R. 7.1(e). That time period elapsed on June 4, 2026, and since that date, McGregor has not filed a response, sought leave or an extension to file a response, or indeed communicated with the Court about this case in any capacity.

This is not the first time McGregor has engaged in such conduct. On March 6, 2026, Fort Point filed a Motion to Compel, seeking relief from McGregor's "***complete failure to respond***" to Fort Point's discovery requests. ECF No. 20 at 4 (emphasis in original). On April 9, 2026, the Court granted Fort Point's Motion to Compel, noting that McGregor had failed to timely respond to the Motion and therefore had not carried its burden to demonstrate why Fort Point's desired discovery was objectionable. ECF No. 23; *see also* ECF No. 24 at 5 (Fort Point listing other incidents of inactivity). McGregor's silence continues to the present Motion.

A party who "wholly fail[s] to respond to [a] challenge to [its] claims . . . abandon[s] those claims." *Barrios v. Target Corp.*, No. 3:23-cv-00033-E, 2023 WL 4768191, at *2 (N.D. Tex. July 26, 2023) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *see id.* at *2 n.1 (collecting cases). Dismissal is therefore appropriate in this case. *Id.* at *2.

Fort Point requests a dismissal under Federal Rule of Civil Procedure 41(b) with prejudice for McGregor's "apath[y] towards prosecuting its case." ECF No. 26 at 1-2. However, "a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are 'the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before'" taking that step. *Jolley v. Kemp*, No. 2:24-cv-82-Z-BR, 2024 WL 3416820, at *1 (N.D. Tex. June 17, 2024) (quoting *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996)), *rec. accepted*, 2024 WL 3418270 (N.D. Tex. July 15, 2024). To be sure, the most recent record the Court has of McGregor substantively engaging with this case was when counsel for McGregor participated in a joint status conference in January 2026. *See* ECF No. 16. But even if the Court found McGregor to be dilatory or contumacious, the Court has not yet employed a sanction less robust than dismissal with prejudice in this case. At this time, dismissal *without* prejudice is the appropriate action.

For these reasons, the Court **GRANTS** Fort Point's Motion and **DISMISSES** McGregor's Amended Complaint **without prejudice**.

It is so **ORDERED** on June 15, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3